IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00658-PAB-KLM

MICHAEL K. GRAY and JERRY PARKISON,

    Plaintiff,

vs.

THE BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF ARAPAHOE COUNTY,

    Defendant.

---

## STIPULATED PROTECTIVE ORDER
## CONCERNING CONFIDENTIAL INFORMATION

---

The parties, by and through their respective counsel, stipulate to the entry of this Protective Order Concerning Confidential Information, as follows:

1. This Protective Order applies to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, the term "document" has the meaning set forth in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Any party may, at any time, designate a served, disclosed, or filed document "Confidential" if, after review by a lawyer, the lawyer certifies that the

designation as "Confidential" is based on a good faith belief that the document contains nonpublic personal, personnel, employment, financial and/or tax records, medical, or other information implicating privacy or proprietary interests of either the plaintiffs, the defendants or a third party. The documents so designated will be deemed "Confidential Material" subject to this Protective Order.

4.  In the event Electronically Stored Information ("ESI") is disclosed or discovered in the course of this litigation, including, but not limited to ESI provided in a native format on hard disks or other magnetic data storage disks, removable disks and/or drives, portions thereof, or digital images of data storage disks or drives, such information may be designated as CONFIDENTIAL in a written communication or in an electronic mail message to the non-producing party or parties.

5.  Confidential Material is subject to the following restrictions. Confidential Material may be used only for the limited purpose of preparing for and conducting this civil action (including any appeals), and must not be disclosed in any way to anyone except:

>   (a) attorneys actively working on this case;
>
>   (b) persons regularly employed or associated with the attorneys actively working on this case;
>
>   (c) the parties, including Plaintiffs' and Defendant's designated representatives and insurers;
>
>   (d) stenographic reporters who are engaged in proceedings in this action;

  (e) the Court and its employees ("Court Personnel");

  (f) retained investigators, expert witnesses and consultants;

  (g) deponents, witnesses, or potential witnesses; and

  (h) other persons by written agreement of the parties;

6. For any disclosures under Paragraph 5(f) through (h), the person to whom the Confidential Material is being disclosed must first review a copy of this Protective Order and counsel shall obtain verbal or written agreement from such person that he or she will be bound by its provisions.

7. This Protective Order does not prohibit or restrain any party from performing the tasks necessary to conduct discovery or prepare for trial. Rather, this Protective Order is designed to prevent the unwarranted disclosure of Confidential Material.

8. No documents containing Confidential Material may be reproduced except as necessary in the litigation of this action. Any copy of a document containing or summarizing Confidential Material must be stamped "CONFIDENTIAL" unless medical or tax records are obtained by an opposing party by means of a release and request or subpoena, issued to a third party, such records will automatically be deemed to be confidential. The inadvertent, unintentional, or *in camera* disclosure of Confidential Material will not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality.

9. Counsel must advise, instruct, and supervise their associates, staff, and employees to preserve the confidentiality of Confidential Material. Counsel must also advise their clients about the requirements of this Protective Order.

10. Documents are designated as Confidential Material by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

11. Whenever deposition testimony involves the disclosure of Confidential Material, the testimony should be identified on the record as Confidential wherever possible. A party may later designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after the court reporter has notified counsel that the deposition transcript has been completed. Those portions of the original transcripts that contain Confidential Material shall bear the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," at the beginning of the text which has been designated CONFIDENTIAL and the cover page of the transcripts that contain Confidential Material shall bear the legend "CONTAINS CONFIDENTIAL PORTIONS."

12. Any Party who inadvertently fails to identify documents or information as CONFIDENTIAL shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any Party receiving such improperly designated documents shall promptly retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

13. A party may object to the designation of a document as Confidential Material by giving written notice to the designating party. The written notice must identify the information to which objection is made. If the parties cannot resolve the objection within ten (10) business days after notice is received, the designating party may ~~file~~ make an appropriate motion pursuant to MJ Mix's discovery procedures seeking a ruling from the Court whether the disputed information should be deemed Confidential Material. The disputed information must be treated as Confidential Material until the Court rules on the motion, a motion on which the designating party will bear the burden of establishing good cause to treat the information as Confidential. If the designating party fails to timely ~~file~~ make such a motion, the disputed information will lose its designation as Confidential Material.

14. The obligation to preserve the confidentiality of Confidential Material survives the termination of this action, except for Confidential Material that is disclosed at trial. ~~The Court will retain continuing jurisdiction to enforce the terms of this Protective Order.~~

15. In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCiv.R 7.2 and any other Rule pertaining to the sealing or restricting access of confidential documents. The party wishing to disclose confidential documents has an obligation to confer with the opposing party and to file the documents as "restricted documents," pursuant to D.C.COLO.LCiv.R 7.2(D), if appropriate. The party who possesses an interest in maintaining the confidentiality of any documents will be responsible for filing any

5

"motions to restrict access" or equivalent motions to protect the confidentiality of the documents.

16.  Any Party who inadvertently discloses documents that are privileged or protected by the work product doctrine shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving Party and request that the documents be returned. The receiving Party shall return such inadvertently produced documents, including all copies and copies the receiving Party provided to any other individual or entity, within 14 days of receiving such a written request.

17.  This Stipulated Protective Order shall not be construed as a waiver of any right to object to the authenticity, admissibility or confidentiality of any evidence at trial nor shall it be deemed or construed as a waiver of any right to object to the furnishing of information in response to any discovery request. This Stipulated Protective Order shall also not be deemed or construed as a waiver of the attorney/client privilege, work product doctrine, or any other privilege or of the rights of any party, person or entity to oppose the production of any documents or information on any grounds. Further, nothing in this Stipulated Protective Order shall be construed to limit, restrict or otherwise affect the ability of any party to seek the production of documents, testimony or information from any source.

18.  This Stipulated Protective Order shall not constitute or be deemed to constitute an admission by either of the stipulating parties or a determination by the Court as to any contested issue in this case, including, without limitation, the existence or non-existence of a privacy interest or privilege relating to said Confidential Material or

its admissibility at trial or limit the parties' rights to object to the disclosure of Confidential Material at the trial in this matter or in discovery or litigation of this matter.

19,   This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 27th day of April 2016.

BY THE COURT:

KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

APPROVED AS TO FORM:

| | |
|---|---|
| Rosemary Orsini<br>Berenbaum Weinshienk PC<br>370 17th St., Suite 4800<br>Denver, CO 80202<br>(303) 592-8305<br>rorsini@bw-legal.com<br><br>*Attorney for Plaintiff* | David R. DeMuro<br>Shelby A. Felton<br>Vaughan & DeMuro, P.C.<br>720 S. Colorado Blvd.<br>North Tower Penthouse<br>Denver, CO 80246<br>(303) 837-9200<br>sfelton@vaughandemuro.com<br>vnd@vaughandemuro.com<br><br>*Attorneys for Defendants* |